UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| E3 PEST CONTROL, LLC, | Case No. 25-12713-HAC |
| Debtor. | |

__________________________________/

ORDER GRANTING DEBTOR'S OMNIBUS MOTION TO APPROVE MEDIATED COMPROMISE WITH TREVOR AND LINDSEY LOTT AND PRIME INSURANCE COMPANY PURSUANT TO BANKRUPTCY RULE 9019[1]

THIS CASE came before the Court for hearing on August 25, 2026, at 8:30 a.m. (the "Hearing") for consideration of the *Debtor's Motion to Approve Mediated Compromise with Trevor and Lindsey Lott and Prime Insurance Company Pursuant to Bankruptcy Rule 9019* (Doc. No. 178) (the "Lott Compromise Motion"). Through the Motion, the Debtor, E3 Pest Control, LLC ("Debtor"), requested entry of an order approving a mediated compromise and settlement (the "Settlement") among the Debtor, Michael Lane Adams ("Adams"), Prime Insurance Company ("Prime"), and Trevor and Lindsey Lott (the "Lotts"), pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019-1.

The Court, having jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334, has considered the Lott Compromise Motion, the relief requested therein, the statements of counsel for the Parties at the Hearing, and the record as a whole. The Court finds that the Motion was duly served on all creditors and parties in interest pursuant to Fed. R. Bankr. P. 2002(a)(3) as applicable. Due and adequate notice of the Motion has been given under the circumstances, and no other or further

[1] All capitalized terms not specifically defined herein shall be ascribed the meaning set forth in the Lott Compromise Motion.

notice needs to be given. There were no objections raised by any party in interest during the Hearing. The Court finds that approval of the compromise addressed in the Lott Compromise Motion, as set forth herein below, is in the best interests of the estate, creditors, and other parties in interest. Accordingly, it is hereby

ORDERED:

1. The Motion is granted as stated herein below.

2. Upon consideration of the factors established in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), the terms of the Lott Compromise Motion are approved in their entirety pursuant to 11 U.S.C. §§ 105(a) and Federal Rule of Bankruptcy Procedure 9019. The Lotts shall receive $95,000.00 from Prime on the terms and conditions set forth in said Motion.

3. The Parties listed in the Lott Compromise Motion are authorized and directed to take any and all actions reasonably necessary or appropriate to effectuate or otherwise enforce the terms, conditions, and provisions of the Lott Compromise Motion, as partially approved herein.

4. Provided the Lotts have provided a W-9; an executed, mutually agreed-upon Release, and payee instructions to Prime as required by the terms of the Parties' agreement, Prime shall issue the payment directed herein above to the Lotts within ten (10) days after entry of this order in both Bankruptcy Cases.

5. Any pending pre-petition state court action brought by the Lotts shall be dismissed with prejudice within 7 days of the Lotts' receipt of the payment directed herein above.

6. This order shall be effective immediately notwithstanding the provisions of Bankruptcy Rule 6004(h), which are waived at the request of the Parties.

7. The Court shall retain jurisdiction to hear and determine all other matters arising from or related to the Lott Compromise Motion and the implementation of this Order.

Dated: August 26, 2026

HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE